IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

| | |
|---|---|
| SHANE WADE, | * |
| ADC # 143475 | * |
|     Petitioner, | * |
| v. | * |
| | *  No. 5:15CV00147-JJV |
| WENDY KELLEY, Director, | * |
| Arkansas Department of Correction | * |
| | * |
|     Respondent. | * |

## MEMORANDUM AND ORDER

Before the Court is the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, filed by Shane Wade, an inmate in the Arkansas Department of Correction (ADC). (Doc. No. 1.)

**I.    BACKGROUND**

An Independence County jury found Petitioner Shane Wade guilty of aggravated robbery on November 4, 2011. (Doc. No. 1.) He was sentenced to 600 months' imprisonment with a 180-month habitual offender enhancement for a total sentence of sixty-five years in the ADC. (Doc. No. 12-1.) Mr. Wade appealed his sentence arguing that the trial court erred when it denied his motion to suppress. *Wade v. State*, No. CR-12-463, 2014 WL 69473, at *1 (Ark. App. Jan. 8, 2014). The Court of Appeals affirmed, and briefly recounted the underlying facts of the case as "an armed robbery that took place in Batesville on February 15, 2011 . . . [T]wo white men armed with black guns came into [the victims'] residence and awakened [the victims] in their bedrooms with verbal threats, pointed pistols, and demands for valuables." *Id.* at *2. Mr. Wade did not seek review from the Arkansas Supreme Court.

On March 14, 2014,[1] Mr. Wade filed a timely Rule 37 petition, but the petition was dismissed as procedurally defaulted for not being properly verified. (Doc. Nos. 1, 12.) Wade then filed a motion to reconsider because he believed that the petition was verified. (*Id.*) The trial court denied the motion to reconsider, and Wade appealed on May 29, 2014. (Doc. No. 12.) Because the appeal should have been filed by May 21, 2014, the clerk declined to file the record. *Wade v. State*, No. CR-14-727, 2014 WL 6602386 at *1 (Ark. Nov. 20, 2014). Wade filed a motion to proceed with a belated appeal, but the Arkansas Supreme Court denied the motion because belated appeal is only available when "a petitioner shows good reason for the failure to follow the rules of procedure." *Id.* at *4.

In Mr. Wade's current Petition filed May 11, 2015, he alleges his trial counsel was ineffective and his due process rights were violated because of the "errors" in the case. (Doc. No. 1.) The Response (Doc. No. 12) filed June 24, 2015, argues that the Petition is barred by the one-year Antiterrorism and Effective Death Penalty Act (AEDPA) statute of limitations and also that his claims are procedurally defaulted. Mr. Wade replied. (Doc. No. 14.) For the following reasons, this Court finds the Petition is time-barred.

**II.   ANALYSIS**

Title 28 U.S.C. §§ 2241 (d)(1) and (2) impose a one-year period of limitation on petitions for writ of habeas corpus:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
>   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

---

[1] Mr. Wade listed the date of filing the Rule 37 Petition as March 14, 2011. Because the appeal was not decided until January 8, 2014, the Court assumes this was an error.

>(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. §§ 2244(d)(1)-(2).

The one-year limitations period began to run on the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).  Mr. Wade's date was January 27, 2014, eighteen days[2] after his conviction was affirmed by the Arkansas Court of Appeals, making his AEDPA statute of limitations, minus any tolling, expire on January 27, 2015.  Mr. Wade filed his Petition on May 11, 2015, nearly five months past the deadline.

Title 28 U.S.C. § 2244(d)(2) allows the statute of limitations to be tolled when a "properly filed" application for post-conviction review is pending.  However, because Mr. Wade's Rule 37 petition was dismissed by the trial court as improperly verified, it was not properly filed and does not toll the statute of limitations.  Therefore, Mr. Wade's Petition is time-barred.

In Mr. Wade's Petition and Answer, he argues that the exception created by *Martinez v. Ryan*, 132 S.Ct. 1309 (2012), and *Trevino v. Thaler*, 133 S.Ct.1911 (2013), excuse any procedural

---

[2] "A petition to the Supreme Court for review of a decision of the Court of Appeals must be in writing and must be filed within 18 calendar days from the date of the decision . . ." Ark. Sup. C.R. 2-4 (a).

3

default that might have occurred at the state level. However, because Mr. Wade did not file his federal habeas petition timely, it must be dismissed regardless if he falls within the exception created by these two cases. To excuse a petition filed after the expiration of the statute of limitations, a petitioner must prove either equitable tolling or actual innocence. Mr. Wade does not argue actual innocence here.

Mr. Wade concedes that his Petition is barred by the statute of limitations, but argues that equitable tolling applies to his case. (Doc. No. 14.) He contends that his lack of counsel and education rise to the extraordinary circumstances necessary for equitable tolling to apply to his Petition. These claims are without merit. "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). A petitioner's pro se status, lack of legal knowledge or legal resources, or any confusion about the federal limitations period or state post-conviction law, does not justify equitable tolling. *Johnson v. Hobbs*, 678 F.3d 607, 611 (8th Cir.2012). Furthermore, a petitioner's lack of legal representation or lack of legal knowledge is not sufficient to qualify for equitable tolling. *Cross-Bey v. Gammon*, 322 F. 3d 1012, 1015 (8th Cir. 2003). Absent tolling, Mr. Wade's Petition is barred by the AEDPA statute of limitations and must be dismissed.

### III.    CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." In cases where the petitioner's claims are procedurally barred, a district court must consider the following factors when determining whether it should issue a certificate of appealability: "(1) if the claim is clearly procedurally defaulted, the certificate should not be issued;

(2) even if the procedural default is not clear, if there is no merit to the substantive constitutional claims, the certificate should not be issued; but, (3) if the procedural default is not clear and the substantive constitutional claims are debatable among jurists of reason, the certificate should be granted." *Khaimov v. Crist*, 297 F.3d 783, 786 (8th Cir. 2002) (citing *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000)); see also *Langley v. Norris*, 465 F.3d 861, 863 (8th Cir. 2006). In this case the Petition is barred by statute of limitations. Therefore, no certificate of appealability should be issued.

## IV. CONCLUSION

After careful review of the Petition, Response, and Reply, the Court concludes the Petition should be DISMISSED.

IT IS, THEREFORE, ORDERED that Mr. Wade's cause of action is DISMISSED and a certificate of appealability is DENIED.

SO ORDERED this 13th day of July, 2015.

JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE